THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN M. GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br><br>　　　　　Defendant. | CASE NO. C13-0749-JCC<br><br>ORDER |

The Court, after consideration of Plaintiff's Complaint (Dkt. No. 4), the Report and Recommendation (R&R) of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 20), Plaintiff's objections (Dkt. No. 21), and the balance of the record, finds oral argument unnecessary and hereby ADOPTS the R&R for the reasons explained herein.

I.    BACKGROUND

Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) was denied and Plaintiff sought this Court's review. Magistrate Judge Theiler recommended affirming the decision of the ALJ. (Dkt. No. 20.) Plaintiff objected to the R&R's conclusions (Dkt. No. 21), and the Commissioner responded (Dkt. No. 22.)

Plaintiff makes three objections to the R&R. First, Plaintiff contends that the vocational expert's testimony conflicted with the *Dictionary of Occupational Titles (DOT)*. (Dkt. No. 21 at 3.) Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's residual

functional capacity assessment accounted for Dr. Robinson's opinions. (Dkt. No. 21 at 7.) Finally, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's violation of the two-stage process for assessing the effect of substance abuse was not harmful error. (Dkt. No. 21 at 10.)

## II. DISCUSSION

### A. Standard of Review and Waiver

The Court reviews de novo the sections of a magistrate judge's report or recommendations to which a party objects. 28 U.S.C. § 636(b)(1). The Court will not overturn the Commissioner's final decision if it is supported by substantial evidence. *See* 42 U.S.C. §405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). It need not be a preponderance of the evidence but must be more than a mere scintilla. *See id.* (citing *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003)).

### B. Vocational Expert's testimony

Plaintiff contends that the vocational expert's testimony conflicted with the *DOT*. The ALJ determined that Mr. Green "is capable of incidental contact with the public, so long as the public is not part of the work process." (Dkt. No. 21 at 3.) The ALJ also noted the sorts of jobs that Plaintiff could not do, like telemarketing or cashier positions, in which "the general public is frequently encountered as an essential element of the work process." (Dkt. No. 21 at 3.) The *DOT* occupation of hotel/motel housekeeper includes the activity: "Checks wraps and renders personal assistance to patrons." (Dkt. No. 21 at 4.) As Plaintiff argues: "because a *DOT* hotel/motel housekeeper 'renders personal assistance to patrons,' [citation omitted] that occupation requires contact with the public as an essential part of the work process." (Dkt. No. 21 at 4.)

ORDER
PAGE - 2

Plaintiff's argument implicates how to define "incidental" contact, what it means for an activity to be part of a work process, and how to interpret the list of activities associated with a job in the *DOT*. The Commissioner and the Magistrate Judge recognized that the *DOT* suggests that its job listings are not rigidly defined lists of essential elements. *See* Dkt. No. 20 at 7 (job description entails performing "any combination" of a number of duties without specifying any as essential elements of the work process); Dkt. No. 22 at 2 (job listings "may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities" (internal quotation marks and citation omitted)).

Further, Plaintiff cites no authority for his assertion that a job requiring rendering personal assistance as one of many duties necessarily precludes someone who can have "incidental contact" with the public. (Dkt. No. 21 at 3–4.) Magistrate Judge Theiler cites a number of cases recognizing that "vocational experts routinely identify claimants with lesser restrictions, such as limited, occasional, or superficial public contact, to be capable of performing the work of a housekeeper/cleaner." (Dkt. No. 20 at 7.) The courts accepting these findings implicitly find that this testimony does not conflict with the *DOT* description. Plaintiff argues that looking to these cases constitutes improper reliance on extra-record evidence. (Dkt. No. 21 at 6.) But Plaintiff is arguing that every listed element in the *DOT* constitutes an essential, non-incidental part of the job's "work process," an argument that these cases suggest is incorrect. The Court agrees with the analysis in the R&R concluding that the vocational expert's testimony did not conflict with the *DOT*.

C.   **Physician's Opinions**

The Court also agrees with the Magistrate Judge that the Residual Functional Capacity (RFC) assessment adequately captures and is consistent with the opinions of Dr. Robinson. (Dkt. No. 20 at 12.) Green argues that the Magistrate Judge erred because the ALJ's assessment did not mention coworkers so therefore did not adequately account for Dr. Robinson's statement that Green could get along with a "familiar and small group of coworkers." (Dkt. No. 21 at 7.) Green

argues that it was insufficient that the ALJ referred to a "stable" work environment. (Dkt. No. 21 at 8.) Plaintiff also argues that the ALJ did not restrict Plaintiff to performing one task at a time, which is a limitation that Dr. Robinson stated. (Dkt. No. 21 at 9.) This Court disagrees. Green's argument amounts to a requirement that ALJs recite a physician's conclusions in a talismanic fashion. But affirming the ALJ does not require hunting for magic words. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."); *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (accepting limitations that were "entirely consistent" with physician's evaluation). The Court agrees with the Magistrate Judge's reasoning that the RFC assessment adequately captured Dr. Robinson's opinion despite not using the identical phrases. (Dkt. No. 20 at 12.)

Plaintiff also argues that the Magistrate Judge made an error law by "relying" on Section I rather than Section III of the RFC assessment form. (Dkt. No. 21 at 8.) This is a misrepresentation. The Magistrate Judge included a citation to the checkbox portion of the form merely as a "*see also*" citation and then specifically observed that "[t]he ALJ appropriately utilize[d] the narrative portion of the form . . ., not the checkbox portion of that form." (Dkt. No. 20 at 13 n.4.)

D.   **Substance Use**

A claimant is not entitled to disability benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). There is no dispute that the ALJ erred by violating the two-stage method for evaluating substance use. This two-stage method entails first identifying disability under the five-step procedure and then determine whether substance abuse was material to disability. *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). The ALJ failed to find Plaintiff disabled in the first stage. The only question is whether the error is harmless.

ORDER
PAGE - 4

Plaintiff fails to grapple with the harmful-error analysis. For example, Plaintiff "in particular" notes the conclusion of Dr. Bargreen and states that the ALJ "rejected those opinions using a second-stage analysis." (Dkt. No. 21 at 11.) Yet Plaintiff mischaracterizes both the ALJ's assessment and the Magistrate Judge's reasoning. Plaintiff states that "there was no rational basis for the ALJ to have rejected Dr. Bargreen's July 2011 opinions as tainted by substance use." (Dkt. No. 21 at 11.) But the ALJ rejected that opinion both because it was inconsistent with other treatment notes, and "[i]n addition," was "at least partially based" on Plaintiff's inaccurate reports of his substance use. (Dkt. No. 14-2 at 29.) Plaintiff addresses neither the ALJ's recognition of inconsistent treatment notes nor Plaintiff's own inconsistent reports about his substance use. (Dkt. No. 21 at 11.)

As the Magistrate Judge recognized, Plaintiff has also failed to show how the violation of the two-stage analysis was prejudicial with regards to any other medical opinions. (Dkt. No. 20 at 16.) The Court agrees with both the Commissioner and the Magistrate Judge that Plaintiff has failed to engage with the harmless-error analysis, and therefore adopts the reasoning in the R&R.

## III.  CONCLUSION

For the foregoing reasons, the R&R is ADOPTED. (Dkt. No. 20.)

DATED this 21st day of February.

John C. Coughenour
UNITED STATES DISTRICT JUDGE